UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14171-CIV-MARTINEZ/MAYNARD

NANCY'S HOME OF THE STUFFED
PIZZA, INC.,

    Plaintiff,
v.

JEFFREY A. FREEDMAN, MICHELE N.
HANNER, ONE-HUNDRED PERCENT, INC,
and AUTO LIQUIDATORS OF STUART, INC.,

    Defendants.
_____/

### ORDER ON PLAINTIFF'S MOTION TO COMPEL [DE 36]

**THIS CAUSE** comes before me upon the above-referenced Motion. I held a hearing on the Motion on May 19, 2023. I have considered the entire record, the Motion and the related briefing, the applicable case law, and the argument of counsel during the hearing. For the following reasons, the Motion is **GRANTED IN PART**.

### BACKGROUND

On May 13, 2022, Nancy's Home of the Stuffed Pizza, Inc. ("Plaintiff") initiated this action against Jeffrey A. Freedman ("Freedman"), Michele N. Hanner ("Hanner"), One-Hundred Percent, Inc. ("One-Hundred Percent"), and "Auto Liquidators of Stuart, Inc." ("Auto Liquidators") (collectively, "Defendants"). Plaintiff asserts claims against Defendants for federal trademark counterfeiting (Count I), federal trademark infringement (Count II), federal unfair competition (Count III), federal cyberpiracy (Count IV), deceptive and unfair trade practices under Florida law (Count V), and unfair competition under Florida law (Count VI).

According to the Complaint, Plaintiff operates restaurants utilizing the name "Nancy's Pizza" and owns related trademarks, including the mark "Nancy's Pizza" and the stylized mark "Nancy's . .

. in a cursive script rising slightly from a horizontal plane as read from the left to the right." DE 1 at ¶¶ 13-14. Plaintiff asserts that Defendants infringed on its trademarks by operating an Italian restaurant in Stuart, Florida that utilizes a similar "Nancy's" stylized text and by operating their website under the "Internet domain name NANCYSPIZZAEXPRESS.com."[1] *Id.* ¶¶ 22-24.

On April 20, 2023, Plaintiff filed a motion to compel Defendants to respond to Request No. 31 from Plaintiff's First Request for Production to One-Hundred Percent and Request Nos. 1-4 from Plaintiff's First Request for Production to Freedman and Hanner. Request No. 31 sought "[a]ll Documents relating to [One-Hundred Percent's] federal and state tax returns from 2019 to present, including but not limited to, a complete copy of such tax returns." DE 36-1 at 15. Request Nos. 1-4 sought from Freedman and Hanner (1) "Documents sufficient to show any and all deposits or income derived by Defendant under or in connection with the Challenged Mark, directly or indirectly, including but not limited to all personal bank account statements and records"; (2) "Documents sufficient to show the calculation of the gross and net profits, W-2 and/or 1099 wages realized by Defendant, directly or indirectly, from the sale of any goods or services under or in connection with the Challenged Mark"; (3) "Documents sufficient to show any costs or expenses incurred by Defendant in connection with any goods or services marketed or sold or intended to be marketed and sold under or in connection with the Challenged Mark, including all documents on which you intend to rely to show your costs or expenses in this proceeding"; and (4) "All Documents relating to your federal and state tax returns from 2019 to present, including but not limited to, a complete copy of

---

[1] The name of the allegedly infringing restaurant operated by Defendants in Stuart, Florida is not entirely clear. The Complaint asserts that Defendants operate a restaurant under the name "Nancy's Pizza Express," but at the hearing Defendants indicated that the subject restaurant is operated under the name "Nancy's Italian Restaurant."

such tax returns." DE 36-4 at 9-10; DE 36-5 at 9-10.[2] Defendants objected to theses requests on the grounds that such requests are irrelevant, unduly invasive, and harassing.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure Rule 37 permits a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A party may so move, for example, if the party from whom discovery is requested fails to answer an interrogatory or to respond to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

The party resisting discovery bears the burden of showing the discovery requests to be improper, unreasonable, or burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985); *Wagner v. Viacost.com,* 2007 WL 1879914, at *1 (S.D. Fla. June 29, 2007). Any objections to an interrogatory or request for production may be deemed waived if not raised in a timely manner, *see* Fed. R. Civ. P. 33(b)(4); *Reliance Ins. Co. v. Core Carriers, Inc.*, 2008 WL 2414041, at *2 (M.D. Fla. June 11, 2008), and statements addressed by a request for admission are deemed admitted if the party to whom such a request is directed fails to provide a timely answer or objection to the request. Fed. R. Civ. P. 36(a)(3) ("[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"); *see also U.S. v. 2204 Barbara Lane*, 960 F.2d 126, 129-30 (11th Cir. 1992) (explaining the purpose and importance of a Rule 36 admission).

## DISCUSSION

The parties' discovery dispute centers on whether tax returns and financial documents are subject to a heightened standard of discoverability. Some courts, as Defendants note in their

---

[2] Plaintiff's Motion also asks the Court to compel Defendants to appropriately organize the documents produced thus far. I need not address this issue, however, because Plaintiff withdrew this request at the hearing on its Motion to Compel.

Response, apply a heightened standard to tax returns and other financial documents. *See Anderson v. Premier Beverage Co., LLC*, No. 09-61143-CIV, 2010 WL 11505127, at *2 n.2 (S.D. Fla. Jan. 22, 2010) ("[T]he Court agrees with those courts that have held that a party seeking the production of tax returns must demonstrate (1) the relevance of the tax returns to the subject matter of the dispute and (2) the existence of a compelling need for the tax returns because the information contained therein is not otherwise readily obtainable." (citations omitted)); *Roberts Enterprises, Inc. v. Olympia Sales, Inc.*, No. 5:04-CV-185-OC-10GRJ, 2005 WL 8159848, at *1 (M.D. Fla. Apr. 28, 2005) ("Other district courts have held that [a]lthough tax returns are not privileged, there is a public policy against their disclosure unless (1) it clearly appears that they are relevant to the subject matter of the action, and (2) a compelling need is shown because the information contained therein is not otherwise available." (citations and quotations omitted)).

The Eleventh Circuit, however, has not required any such heightened standard. In fact, in *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997), the Eleventh Circuit implied that tax returns and financial information are discoverable where they "are arguably relevant to the case." And in *Erenstein v. S.E.C.*, 316 F. App'x 865, 869 (11th Cir. 2008), the Eleventh Circuit noted in an unpublished opinion[3] that it has "not required a showing of compelling need before tax information may be obtained by a party in discovery, but instead [has] determined that such information need be only arguably relevant." Thus, I have previously recognized that while "some courts in this District have imposed a heightened requirement for discovery of tax returns, the Eleventh Circuit does not require a showing of compelling need to obtain a party's tax returns in discovery." *Cornelius v. Rollins Ranches, LLC*, No. 20-14464-CIV, 2021 WL 10382762, at *5 (S.D. Fla. Sept. 29, 2021) (emphasis added).

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) (citations omitted).

I remain persuaded by *Maddow* and *Erenstein* and continue to find that the "arguably relevant" inquiry is the proper standard. Under this framework, I find that Plaintiff's discovery requests are more than "arguably relevant." As to Defendant One-Hundred Percent, its tax returns are likely to allow Plaintiff to measure its damages flowing from One-Hundred Percent's alleged use of the infringing mark. *See Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1241 (11th Cir. 2008) ("Under the Lanham Act, damages for trademark infringement may include (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) the cost of the action." (citation and quotation omitted)). Thus, Defendant One-Hundred Percent's objections to Request No. 31 are overruled, and One-Hundred Percent shall produce the portions of its requested tax returns that relate to the subject Italian restaurant operated in Stuart, Florida.[4]

As to Freedman and Hanner, the requested financial documents and tax returns relating to the Italian restaurant in Stuart, Florida are similarly likely to allow Plaintiff to measure its damages flowing to Freedman and Hanner from their alleged use of the infringing marks. *See Aronowitz*, 513 F.3d at 1241 ("Under the Lanham Act, damages for trademark infringement may include (1) the defendant's profits, (2) any damages sustained by the plaintiff, and (3) the cost of the action." (citation and quotation omitted)). Plaintiff's requests, however, shall be narrowed to only include the portions of the requested documents that relate to the subject restaurant. Thus, Freedman and Hanner's objections to Request Nos. 1-4 are overruled, and Freedman and Hanner shall produce the portions of their requested tax returns and financial documents that relate to the subject Italian restaurant operated in Stuart, Florida.

---

[4] At the hearing, counsel for One-Hundred Percent noted that One-Hundred Percent operates other business ventures apart from the Italian restaurant in Stuart, Florida. Thus, because these other business ventures are not relevant to this action, One-Hundred Percent need not produce such portions of the requested tax returns.

I recognize Defendants' argument asserted at the hearing that Plaintiff's discovery requests to Hanner and Freedman are impermissible attempts to pierce One-Hundred Percent's corporate veil. Indeed, courts have held that individuals cannot be liable for the trademark infringement of a company unless the individuals have "actively participated as a moving force in the decision to engage in the infringing acts, or otherwise caused the infringement as a whole to occur." *Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1164 (11th Cir. 2022). But Plaintiff's Complaint asserts that Freedman and Hanner infringed upon Plaintiff's "Nancy's" marks, and Freedman and Hanner declined to move to dismiss the claims against them and instead answered the Complaint. Thus, Hanner and Freedman's requested financial information is relevant to the issues in this case and is therefore discoverable. *See Aronowitz*, 513 F.3d at 1241; *see also Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11505432, at *4 (S.D. Fla. Nov. 24, 2010) (finding financial information discoverable where "Defendants' financial records are relevant with respect to all of the[] issues" asserted in the complaint).

I lastly turn to Plaintiff's request for an award of expenses incurred in connection with its Motion to Compel. As a general matter, when a motion to compel is granted, a court must award the movant its reasonable expenses, including attorney's fees, incurred in making the motion, after giving an opportunity to be heard. But the Court is not to award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" "the opposing party's nondisclosure, response, or objection was substantially justified;" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Here, although ultimately unsuccessful, I find that Defendants' discovery objections were substantially justified in light of the split of authority concerning the financial document discoverability standard discussed *supra*. Thus, I find that an award of expenses is not warranted in this instance.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel (DE 36) is **GRANTED IN PART** as set forth above.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 26th day of June, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE