UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14171-CIV-MARTINEZ/MAYNARD

NANCY'S HOME OF THE STUFFED
PIZZA, INC.,

      Plaintiff,

v.

JEFFREY A. FREEDMAN, MICHELE N.
HANNER, ONE-HUNDRED PERCENT, INC.,
and AUTO LIQUIDATORS OF STUART, INC.,

      Defendants.

_____/

**ORDER ON PLAINTIFF'S SECOND MOTION TO COMPEL DEFENDANTS TO
PRODUCE DOCUMENTS AND TO HOLD DEFENDANTS IN CONTEMPT [DE 61]**

**THIS CAUSE** comes before me upon the above-referenced Motion. I held a hearing on the Motion on August 18, 2023. I have considered the entire record, the Motion and the related briefing, the applicable case law, and the argument of counsel during the hearing. For the following reasons, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**BACKGROUND**

On May 13, 2022, Illinois-based Nancy's Home of the Stuffed Pizza, Inc. ("Plaintiff") initiated this action against Florida-based Jeffrey A. Freedman ("Freedman"), Michele N. Hanner ("Hanner"), One-Hundred Percent, Inc. ("One-Hundred Percent"), and Auto Liquidators of Stuart, Inc. ("Auto Liquidators") (collectively, "Defendants"). Plaintiff asserts claims against Defendants for federal trademark counterfeiting (Count I), federal trademark infringement (Count II), federal unfair competition (Count III), federal cyberpiracy (Count IV), deceptive and unfair trade practices under Florida law (Count V), and unfair competition under Florida law (Count VI).

According to the Complaint, Plaintiff operates restaurants in various locations throughout the United States, including Florida, utilizing the name "Nancy's Pizza" and owns registered trademarks, including the mark "Nancy's Pizza" and the stylized mark "Nancy's . . . in a cursive script rising slightly from a horizontal plane as read from the left to the right." DE 1 at ¶¶ 13-14, 20. Plaintiff asserts that Defendants infringed on its trademarks by operating an Italian restaurant in Stuart, Florida that utilizes a similar "Nancy's" stylized text and by operating their website under the "Internet domain name NANCYSPIZZAEXPRESS.com."[1] *Id.* ¶¶ 21-24.

On April 20, 2023, Plaintiff filed a motion to compel Defendants to respond to five requests contained within Plaintiff's First Requests for Production ("RFP") to One-Hundred Percent, Freedman, and Hanner ("First Motion to Compel"). RFP No. 31 sought from One-Hundred Percent:

> All Documents relating to [One-Hundred Percent's] federal and state tax returns from 2019 to present, including but not limited to, a complete copy of such tax returns.

DE 36-1 at 15. RFP Nos. 1-4 sought from Freedman and Hanner (collectively, the "Individual Defendants"):

> [RFP No. 1:] Documents sufficient to show any and all deposits or income derived by Defendant under or in connection with the Challenged Mark, directly or indirectly, including but not limited to all personal bank account statements and records.
>
> [RFP No. 2:] Documents sufficient to show the calculation of the gross and net profits, W-2 and/or 1099 wages realized by Defendant, directly or indirectly, from the sale of any goods or services under or in connection with the Challenged Mark.
>
> [RFP No. 3:] Documents sufficient to show any costs or expenses incurred by Defendant in connection with any goods or services marketed or sold or intended to be marketed and sold under or in connection with the Challenged Mark, including all documents on which you intend to rely to show your costs or expenses in this proceeding.

---

[1] The name of the allegedly infringing restaurant operated by Defendants in Stuart, Florida is not entirely clear. The Complaint asserts that Defendants operate a restaurant under the name "Nancy's Pizza Express," but at the hearing on the First Motion to Compel, Defendants indicated that the subject restaurant is operated under the name "Nancy's Italian Restaurant."

> [RFP No. 4:] All Documents relating to your federal and state tax returns from 2019 to present, including but not limited to, a complete copy of such tax returns.

DE 36-4 at 9-10; DE 36-5 at 9-10. On June 26, 2023, I entered an Order partially granting the First Motion to Compel. I ruled that Defendant One-Hundred Percent shall produce "the portions of its requested tax returns that relate to the subject Italian restaurant operated in Stuart, Florida." DE 58 at 5. As to the Individual Defendants, I required them to produce "the portions of their requested tax returns and financial documents that relate to the subject Italian restaurant operated in Stuart, Florida." *Id.*

## DISCUSSION

Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Information is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Indeed, the scope of discovery is broad, and to sustain discovery objections to a motion to compel, the objecting party "must, therefore, show that the requested discovery has no possible bearing on the claims and defenses in this case." *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007); *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) ("The party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted.").

### I. Defendant One-Hundred Percent

In its Second Motion to Compel, Plaintiff claims One-Hundred Percent has failed to fully comply with my Order on its First Motion to Compel. Although One-Hundred Percent produced its corporate tax returns, Plaintiff asserts that it has failed to produce documents *relating to* those tax returns, including "income statements, tax deduction records, expenses receipts, W-2s, 1099s, or other documents given to an account to prepare Defendant's tax returns." DE 61 at 5. Plaintiff contends

that RFP No. 31, which sought "[a]ll Documents relating to [One-Hundred Percent's] federal and state tax returns from 2019 to present," DE 36-1 at 15, required the production of not just the tax returns, but also of all documents One-Hundred Percent submitted to its accountant in order to prepare its tax returns. Plaintiff says it requires these "foundational" documents in order to depose witnesses about the costs associated with operating Defendants' Italian restaurant in Stuart, Florida. Plaintiff contends that One-Hundred Percent violated my prior Order by not producing documents given to its accountant to prepare its tax returns and sanctions are therefore warranted.

As an initial matter, I disagree with Plaintiff that Defendant One-Hundred Percent has violated my prior Order by not providing bank statements and check copies in response to RFP No. 31. Although RFP No. 31 sought all documents "relating" to One-Hundred Percent's tax returns, Plaintiff's First Motion to Compel included no argument concerning bank statements or check copies, but instead focused on whether the tax returns themselves were discoverable. Because Plaintiff did not seek any document other than tax returns, my Order on Plaintiff's First Motion to Compel required production of "the portions of [One-Hundred Percent's] requested tax returns that relate to the subject Italian restaurant operated in Stuart, Florida." DE 58 at 5. The Order did not instruct One-Hundred Percent to produce any documents other than tax returns. Thus, I find no merit in Plaintiff's contention that One-Hundred Percent "is in contempt" of my prior Order.

Nevertheless, upon review of the record, I agree with Plaintiff that One-Hundred Percent must produce the requested bank statements and check copies, if not in response to RFP No. 31, then certainly in response to RFP No. 29 and RFP No. 30, which requested documents sufficient to show calculation of profits and expenses. DE 36-2 at 8. Plaintiff is entitled to this information because it is relevant to Plaintiff's damages calculation for its Lanham Act claims. Specifically, under the Lanham Act, "[i]n assessing profits, the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a). Accordingly,

to demonstrate damages, a plaintiff need only show the defendant's gross sales. *Maltina Corp. v. Cawy Bottling Co.*, 613 F.2d 582, 586 (5th Cir. 1980). Thereafter, the burden shifts to the defendant to demonstrate that the plaintiff's sales calculations are erroneous. *Vuitton S.A. v. Spencer Handbags Corp.*, 765 F.2d 966, 973 (2d Cir. 1985). The defendant also bears the burden to prove any costs that should be deducted from the gross revenue of the sale of the goods. *Maltina*, 613 F.2d at 586. In this Circuit, such costs may be deducted only when they are "actually related" to the sale of the infringing product. *Id*.

Plaintiff is therefore entitled to discovery of corporate bank records, including all bank statements concerning the relevant time period and copies of all checks written on the corporate bank accounts if needed to understand the bank statements, since those records will show profits as well as related expenses. Recognizing this, One-Hundred Percent did not object to RFP Nos. 29 and 30. DE 36-2 at 9. In fact, One-Hundred Percent represented that it was producing responsive documents "herewith" as of the response service date of September 23, 2022. *Id.* Yet, when Plaintiff filed its Second Motion to Compel almost a year later on August 2, 2023, One-Hundred Percent apparently still had not provided a complete set of corporate bank statements.[2] In addition, Plaintiff represents that One-Hundred Percent had also not provided copies of checks, although such copies are apparently needed to determine what the checks were for because the bank statements themselves include only check numbers and amounts; they do not identify the recipient and/or purpose of the checks. Without

---

[2] In the Motion and at the hearing, Plaintiff's counsel represented as follows. One-Hundred Percent provided bank statements from two Seacoast Bank Accounts ending in 561 ("561 Account") and 951 ("951 Account"), but these statements appear incomplete. Statements for the 561 Account were provided from May 2019 through December 2021. As of December 2021, the ending balance in the 561 Account was $185,092.33, but no record is provided regarding what happened to that money. As for the 951 Account, One-Hundred Percent provided statements from January 2022 through June 2023. The 951 Account begins with a zero balance, however, so it cannot be relied on to demonstrate the whereabouts of the $185,092.33 from the 561 Account. Additionally, the 951 Account shows only one to two checks being written per month, with no documentation explaining the purpose of those checks.

knowing the checks' purposes, Plaintiff will not be able to verify whether the expenses are actually related to sales from the allegedly infringing product.

One-Hundred Percent has provided no satisfactory response to these issues.[3] Thus, while I do not find One-Hundred Percent to be in contempt of my prior Order, I do find it to be woefully deficient and late in fulfilling its discovery obligations in this regard, and at this point, time is of the essence. Plaintiff's motion to compel bank statements and checks from One-Hundred Percent is granted. One-Hundred Percent shall provide all complete bank statements, including complete statements relating to the 561 Account and the 961 Account, documentation regarding the closing of the 561 account and proof of what happened to any monies in both accounts, and copies of all checks relating to the subject restaurant within ten (10) days from the date of this Order. Failure to do so will result in sanctions.

## II.     The Individual Defendants

Next, I address Plaintiff's arguments regarding the individual Defendants, Freedman and Hanner. According to Plaintiff, despite my prior Order, Freedman and Hanner have failed to fully respond to RFP Nos. 1 through 4, which sought:

> [RFP No. 1:] Documents sufficient to show any and all deposits or income derived by Defendant under or in connection with the Challenged Mark, directly or indirectly, including but not limited to all personal bank account statements and records.
>
> [RFP No. 2:] Documents sufficient to show the calculation of the gross and net profits, W-2 and/or 1099 wages realized by Defendant, directly or indirectly, from the sale of any goods or services under or in connection with the Challenged Mark.
>
> [RFP No. 3:] Documents sufficient to show any costs or expenses incurred by Defendant in connection with any goods or services marketed or sold or intended to be marketed and sold under or in connection with the Challenged Mark, including all documents on which you intend to rely to show your costs or expenses in this proceeding.

---

[3] On August 14, 2023, One-Hundred Percent filed a response to Plaintiff's Second Motion to Compel. DE 67. Although titled as a response, the response contains no specific argument relating to the issues raised in the Second Motion to Compel. Instead, One-Hundred Percent's opposition addressed a moot issue raised in Plaintiff's First Motion to Compel.

> [RFP No. 4:] All Documents relating to your federal and state tax returns from 2019 to present, including but not limited to, a complete copy of such tax returns.

DE 36-4 at 9-10; DE 36-5 at 9-10.

In my prior Order, I directed Hanner and Freedman to produce "the portions of their requested tax returns and financial documents that relate to the subject Italian restaurant operated in Stuart, Florida." DE 58 at 5. Plaintiff claims Hanner and Freedman have failed to comply by (1) over-redacting their tax returns; and (2) failing to provide their personal bank records.

Defendants Hanner and Freedman respond that they produced properly redacted tax returns, disclosing the portions that relate to the subject Italian restaurant and redacting those portions that do not so relate. DE 66 at 5. I have reviewed Defendants' tax returns *in camera* and for the most part I agree. The tax returns, however, contain the following unnecessary redactions, which the Individual Defendants shall unredact: (1) row B of the "Nonpassive income" section on page 8; (2) row B of the "Nonpassive income" and "Nonpassive loss" sections on page 43; and (3) row B of the "Nonpassive income" section on page 94. Subject to this very limited exception, Plaintiff's motion to compel Hanner and Freedman to produce additional portions of their tax returns is denied. The Individual Defendants shall produce updated copies of their tax returns within ten (10) days of the date of this Order.

With respect to their personal bank records, Hanner and Freedman respond that they keep their individual finances separate from the restaurant's financial records and they do not have individual or personal financial records which would show profits, deposits, income, expenses, or costs for the restaurant. DE 66 at 5. Hanner and Freedman have filed supplemental written responses to Plaintiff's requests for production further certifying that they have no documents responsive to RFP Nos. 1 through 4 other than what has already been produced. DE 66-1. Under applicable case law, when a responding party states that there are no responsive documents, the Court lacks a basis

to compel. *See Mizner Grand Condo. Ass'n, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 09-82280-CIV, 2010 WL 11506039, at *3 (S.D. Fla. Oct. 12, 2010) ("[A] party cannot be ordered to compel non-existent information."); *Wachovia Fin. Servs., Inc. v. Birdman*, No. 09-81252-CIV, 2010 WL 11506044, at *8 (S.D. Fla. Sept. 27, 2010) ("While [Plaintiff] speculates that the Defendants are withholding information related to the authority of the individual Defendants, such speculation, without more, is insufficient to support entry of an order compelling discovery which the resisting party claims does not exist.").

One issue surfaced for the first time at the hearing, which needs to be addressed. At the hearing, Plaintiff's counsel indicated that he saw a Venmo payment receipt from Defendant Hanner's personal bank account for marketing expenses for the subject Italian restaurant. DE 71 at 31. Defense counsel responded that this hearing statement was the first he had heard of a Venmo payment for marketing. At this juncture, I do not find that one Venmo receipt is sufficient reason to doubt Defendant Hanner's certification that she does not use her personal bank account for purposes related to the subject restaurant. However, the Individual Defendants and their counsel are reminded of their continuing obligation to supplement their discovery responses so that such responses are true, accurate, and fully up to date. In this regard, the Individual Defendants are further instructed to review their personal bank accounts for any payments related to the restaurant made to or from these accounts through Venmo, Zelle, Cash App, PayPal or other similar financial platforms, and to disclose any such records relating to the subject restaurant. Failure to do so will result in sanctions should such records later be discovered in this case.

Apart from the foregoing rulings, Plaintiff's motion seeking any additional individual and personal financial records from the Individual Defendants is otherwise denied.

### III. Rule 37 Sanctions

Under Rule 37(a), if a motion to compel is granted, or if the requested discovery is provided after such motion is filed, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, a court must not order such payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).[4] If a motion to compel is granted in part and denied in part, the court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

### (1) The Individual Defendants

Although Plaintiff's Motion was partially granted as to the Individual Defendants' tax return redactions and an instruction to review financial platform transactions for restaurant-related business, the third Rule 37(a)(5)(A) exception weighs against requiring the Individual Defendants to pay Plaintiff's expenses incurred in bringing the Motion to Compel. As noted above, absent a few unnecessary redactions, I find that the Individual Defendants properly redacted their tax returns and have certified production of all responsive documents within their possession. I therefore find that the "circumstances make an award of expenses unjust" as to the Individual Defendants. Fed. R. Civ. P. 37(a)(5)(A)(iii).

---

[4] In this case, the first Rule 37(a)(5)(A) factor does not apply given the Motion's certification that the parties attempted to resolve the instant discovery dispute without Court intervention. DE 61 at 9.

**(2) Defendant One-Hundred Percent**

As to Defendant One-Hundred Percent, however, I find that none of the exceptions set forth in Rule 37(a)(5)(A) apply here. One-Hundred Percent did not respond to Plaintiff's request for sanctions in its response filed in opposition to the Motion. Regarding the second Rule 37(a)(5)(A) factor, One-Hundred Percent's failure to produce the responsive documents described above has been without justification. As noted *supra*, One-Hundred Percent failed to provide a satisfactory rationale for its failure to withhold responsive documents—such as copies of corporate checks relating to the subject restaurant—that demonstrate the restaurant's profits and related expenses. Indeed, as far back as September 23, 2022, One-Hundred Percent represented that it would produce documents showing the costs and expenses incurred in connection the restaurant's operation. DE 36-2 at 8.

Finally, I find the third Rule 37(a)(5)(A) factor inapplicable. There are no circumstances that would make an award of expenses against One-Hundred Percent unjust, given that One-Hundred Percent has failed to articulate a rationale for its refusal to produce the responsive documents.

Accordingly, Plaintiff is entitled to its "reasonable expenses incurred in making the [Second Motion to Compel], including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Thus, One-Hundred Percent and its counsel, Michael J. Mortell, shall pay Plaintiff for the reasonable attorney's fees and costs incurred for bringing the Second Motion to Compel. *See Wentz v. Project Veritas*, 2019 WL 910099, at *6 (M.D. Fla. Feb. 22, 2019) (imposing Rule 37(a) sanctions against plaintiff and his counsel where plaintiff's "nondisclosure, response, and objections were not substantially justified" and where plaintiff provided "shifting reasons for not producing the information requested"). However, because only half of the issues in the Second Motion to Compel relate to Defendant One-Hundred Percent, Plaintiff shall be entitled to recover only 50% of its reasonable expenses incurred

in bringing the Second Motion to Compel.[5] *See Procaps S.A. v. Patheon Inc.*, 2013 WL 6238647, at *11 (S.D. Fla. Dec. 3, 2013) ("[T]he Court finds that [Defendant] is entitled to recover only 6/15 (or 40%) of the time it spent on this discovery dispute."); *Anish v. Nat'l Sec. Corp.*, 2014 WL 5034720, at *3 (S.D. Fla. July 3, 2014) ("Defendant is only entitled to fees for the portion of its motion upon which it prevailed . . . . Therefore, only a portion of the attorney's fees sought should be awarded to Defendant.").

The parties shall attempt to resolve this issue of sanctions amongst themselves. If an agreement cannot be reached, by October 3, 2023, Plaintiff may file an appropriate motion seeking fees under Rule 37 with attached supporting documents, including (1) a declaration or affidavit of reasonable expenses; and (2) the information set forth in Local Rule 7.3(a)(5). Going forward, the parties shall bear in mind their obligations in discovery, including by timely responding to duly served discovery requests. I caution that I will not hesitate to award fees or other appropriate sanctions upon a showing that any party is willfully obstructing the discovery process.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Second Motion to Compel Defendants to Produce Documents and to Hold Defendants in Contempt [DE 61] is **GRANTED IN PART AND DENIED IN PART** as set forth above.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 20th day of September, 2023.

                                                 SHANIEK MILLS MAYNARD
                                                 U.S. MAGISTRATE JUDGE

---

[5] Plaintiff is reminded that it is entitled only to the reasonable expenses incurred in bringing the Second Motion to Compel and not for its prior motion or any other matters relating to the litigation.